UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | ) | 4:11-cr-00010-RRB-SAO |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION REGARDING MOTION TO DISMISS COUNTS I, II, III AND V, OR FOR A BILL OF PARTICULARS** |
| DONTE EDWARDS, | ) | |
| Defendant. | ) | (Docket No. 164) |

## INTRODUCTION

Donte Edwards filed a Motion to Dismiss Counts I, II, III and V of the indictment at Docket no. 164 due to insufficiency of evidence and insufficient language in the indictment itself. In the alternative, Edwards has asked the Court to order the United States to file a bill of particulars.[1] Because the Federal Rules of Criminal Procedure do not permit a court to dismiss an otherwise valid indictment for insufficiency of evidence and the language of the indictment is legally sufficient, I am recommending DENIAL of Edwards' Motion to Dismiss the charges against him.

## LEGAL STANDARDS

A defendant may not challenge an otherwise adequate indictment solely for insufficiency of evidence.[2] In short, a motion to dismiss the indictment cannot be used as a device for a summary

---

[1] This Report and Recommendation will only address Edward's motion to dismiss. His motion for a bill of particulars has already been addressed at Docket No. 240.
[2] United States v. Jensen, 93 F.3d 667, 669 (9th Cir. 1996) (citing United States v. Mann, 517 F.2d 259, 267 (5th Cir.), cert. denied, 424 U.S. 1087 (1976)).

trial of the evidence.[3] Instead, a court should, for the purposes of a motion to dismiss, presume the truth of the allegations in the indictment.[4] Furthermore, dismissal of an indictment is a "drastic step" which is generally disfavored as a remedy.[5]

Indictments must "be a plain, concise, and definite written statement of the essential facts of the offense charged..."[6] An indictment that sets forth the offense in the language of the statute itself and contains the necessary factual predicates is sufficient.[7] An indictment will withstand a motion to dismiss if it is sufficient (1) to enable the defendant to prepare his defense; (2) to ensure him that he is being prosecuted on the basis of the facts presented to the grand jury; (3) to enable him to plead double jeopardy; and (4) to inform the court of the alleged facts so that it can determine the sufficiency of the charge.[8]

## FACTS

Edwards was charged, along with several co-conspirators, in Counts I, II, III, and V of a seven-count indictment for a variety of offenses, including narcotics conspiracy offenses and conspiracy to retaliate against a witness. The actual language of the counts is as follows:

### Count I

Between on or about February 1, 2009, and on or about May 22, 2011, both dates being approximate and inclusive, in the District of Alaska, the defendants, BRANDON HAYNES, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, JOE POWELL, NATASHA WOLFE and JOLEEN MALAMUTE, did knowingly and intentionally conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to commit the following offenses:

(a) to distribute, and possess with intent to distribute, 500 grams or more of a mixture or substance containing a detectable amount of cocaine, in violation of Title 21, United States Code

---

[3] Jensen, 93 F.3d at 669.
[4] United States v. Buckley, 689 F.2d 893, 897 (9th Cir. 1982); Boyce Motor Lines v. United States, 342 U.S. 337, 343, fn. 15 (1952).
[5] United States v. Rogers, 751 F.2d 1074, 1076-77 (9th Cir. 1985).
[6] Fed. R. Crim. Pro. 7(c)(1).
[7] United States v. Johnson, 804 F.2d 1078, 1084 (9th Cir. 1986); Hamling v. United States, 418 U.S. 87, 117 (1974).
[8] United States v. Pheaster, 544 F.2d 353, 360 (9th Cir. 1976); Russell v. United States, 369 U.S. 749, 763, 768 n.15, 771 (1962).

Section 841(a)(1) and (b) (1)(B);

(b) to distribute, and possess with intent to distribute, detectable amounts of heroin, cocaine base, and 3,4 Methylene-dioxymethamphetamine ("ecstasy"), in violation of Title 21, United States Code Section 841(a)(1) and (b) (1)(C); and

(c) to distribute, and possess with intent to distribute, a detectable amount of marijuana, in violation of Title 21, United States Code Section 841(a)(1) and (b) (1)(D);

All of which is in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B), (b)(1)(C), (b)(1)(D).

## Count II

On or about February 19, 2010, in the District of Alaska, the defendants, BRANDON HAYNES, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, NATASHA WOLFE and JOLEEN MALAMUTE, did knowingly and intentionally possess with intent to distribute controlled substances, to wit: 500 grams or more of a mixture and substance containing a detectable amount of cocaine; and detectable amounts of heroin; cocaine base; 3,4 Methylene-dioxymethamphetamine ("ecstasy"); and marijuana.

All of which is in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B), (C), and (D).

## Count III

On or about February 19, 2010, in the District of Alaska, the defendants, BRANDON HAYNES, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, NATASHA WOLFE and JOLEEN MALAMUTE, did knowingly possess the following firearms in furtherance of the drug trafficking crimes described in Counts 1 and 2 of this indictment: one Maverick 12 gauge shotgun, serial number S/W MV583072; one Mini-14 .223 rifle, serial number 580-95265; and one Taurus .38 caliber handgun serial number ZG63057; and one Mossberg 12 gauge shotgun.

All of which is in violation of Title 18, United States Code, Section 924I(1)(A)(i).

## Count V

Between on or about May 11, 2011, and on or about May 22, 2011, both dates being approximate and inclusive, within the District of Alaska, the defendants, WILLIE WILSON, DONTE EDWARDS, ANTHONY GADSON, JOE POWELL, and ANDRA ALI TAYLOR, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, to take action harmful to a person known to the Grand Jury in retaliation for said person providing information to a law enforcement officer relating to the commission and possible commission of a federal offense (violations of the Controlled Substance Act, Title 21, United States Code, Section 801 et. seq. ), in violation of Title 18, United States Code Section 1513(e).

All of which is in violation of Title 18, United States Code, Section 1513(f).

## CONCLUSIONS OF LAW

In this case, Edwards first moves to dismiss Counts I, II, III, and V due to insufficiency of evidence. The Ninth Circuit established that "[a] motion to dismiss the indictment cannot be used as a device for a summary trial of the evidence.... The Court should not consider evidence not appearing on the face of the indictment."[9] A defendant charged with a federal offense is not entitled to a preliminary hearing or examination if the Grand Jury returned an indictment against him.[10] However much of Edward's brief is focused on his allegations that the charges against him are not supported by sufficient evidence to support a conviction. These arguments, while proper for trial, are premature for the current stage of the litigation.

Edward's brief in support of his motion to dismiss also alleges that the indictment was insufficiently detailed because the government has not identified sufficient facts or circumstances – it merely makes generalized allegations.[11] However, "It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished."[12] Here, the indictment language closely tracks United States Code language, adds details regarding the object of the conspiracy, details of controlled substances and approximates time periods. It is not necessary for an indictment to go further and allege in detail the factual proof that will be relied upon to support the charges, which appears to be requested here.[13] For these reasons, the language of the indictment is sufficient.

---

[9] Jensen, 93 F.3d at 669.
[10] Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967); Austin v. United States, 408 F,2d 808, 810 (9th Cir. 1969).
[11] Defendant's Memorandum of Law, p. 3.
[12] Hamling at 117, citing United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882).
[13] United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978) citing United States v. Bernstein, 2 Cir. 1976, 533 F.2d 775, 786, Cert. denied, 1976, 429 U.S. 998, 97 S.Ct. 523, 50 L.Ed.2d 608; Carbo v. United States, 9 Cir. 1963, 314

## CONCLUSION

Because a pre-trial motion to dismiss is not the proper vehicle to test the sufficiency of the evidence against Edwards, and because the indictment contains sufficient details, this Motion to Dismiss is DENIED.

IT IS SO RECOMMENDED.

DATED this 14th day of September, 2011 at Fairbanks, Alaska.
    s/SCOTT A. ORAVEC
SCOTT A. ORAVEC
United States Magistrate Judge

Pursuant to Local Magistrate Rule 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **NOON on September 19, 2011**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal.[14] The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation.[15] Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **4:30pm** on **September 20, 2011**. The parties shall otherwise comply with provisions of Local Magistrate Rule 6(a).

---

F.2d 718, 732-33, Cert. denied, 1964, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498; Wilson v. United States, 5 Cir. 1947, 158 F.2d 659, 663, Cert. denied, 1947, 330 U.S. 850, 67 S.Ct. 1095, 91 L.Ed. 1294.
[14] McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981).
[15] United States v. Howell, 231 F.3d 615 (9th Cir. 2000).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment.[16]

---

[16] See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).